RAY TAMADDON (SBN 144494)
rtamaddon@hinshawlaw.com
HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071
Telephone: 310-909-8000
Facsimile: 310-909-8001

Attorneys for Plaintiff and Counter-Defendant
NORTHFIELD INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHFIELD INSURANCE COMPANY, an Iowa Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ALTAF HUDANI, an Individual; JASMINE HUDANI, an Individual; and DOES 1-50, Inclusive,<br><br>Defendants. | Case No. 2:20-cv-01695-SB-E<br><br>(The Honorable Stanley Blumenfeld, Jr. – Courtroom 6C)<br><br>**PLAINTIFF/COUNTER-DEFENDANT NORTHFIELD INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR ENTRY OF JUDGMENT; REQUEST FOR MONETARY SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed Concurrently with Declaration of Ray Tamaddon and Proposed Judgment]<br><br>Hearing Date: May 21, 2021<br>Hearing Time: 8:30 a.m.<br>Courtroom: 6C<br><br>Complaint Filed: February 24, 2020 |

1
PLAINTIFF'S NOTICE OF MOTION AND MOTION TO ENTRY OF JUDGMENT

HINSHAW & CULBERTSON LLP
350 South Grand Ave.
Suite 3600
Los Angeles, CA 90071
310-909-8000

1027635\307957425.v1

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on May 28, 2021 at 8:30 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at First Street Courthouse, 350 W. First Street, Courtroom 6C, Los Angeles, CA 90071, plaintiff and counter-defendant Northfield Insurance Company ("Northfield") will and hereby does move this Court for an order for entry of final judgment in Northfield's favor on Northfield's Complaint for Declaratory Judgment ("Complaint) and defendant and counterclaimant Altaf Hudani's ("Hudani") First Amended Counterclaim ("FAC") and for monetary sanctions against Hudani and/or his counsel.

This Motion is brought pursuant to Federal Rule of Civil Procedure 58 and is made on the ground that final judgment should be entered in Northfield's favor because the Court has granted Northfield's Motion to Dismiss the FAC without leave to amend, rendering moot the Complaint's sole cause of action for declaratory relief. Therefore, the Court has effectively resolved the Complaint in Northfield's favor.

Notwithstanding the foregoing and the Court's April 16, 2021 statement that "[i]t appears clear that the ruling on the FAC necessarily resolves Defendant's sole claim for declaratory relief in the Complaint," Hudani's counsel has refused to stipulate to allow final judgment to be entered. Northfield seeks monetary sanctions under 28 U.S.C. § 1927 for its additional fees associated with bringing the present motion which are due to Hudani's refusal, without reasonable grounds, to stipulate to entry of judgment.

<u>Meet and Confer</u>:  Pursuant to Local Rule 7-3, counsel for Northfield, Ray Tamaddon, and counsel for Hudani, Steven Bolanos, met and conferred telephonically on April 5, 2021, as well as by e-mail several times prior to the filing of this Motion regarding the issues raised in this Motion, but were unable to resolve their differences. By e-mail dated April 19, 2021, Mr. Tamaddon again requested that Mr. Bolanos stipulate to entry of judgment, barring which Northfield would have no

HINSHAW & CULBERTSON LLP
350 South Grand Ave.
Suite 3600
Los Angeles, CA 90071
310-909-8000

choice but to file of this Motion and request for monetary sanctions. Mr. Bolanos again refused to stipulate.

    The motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of Ray Tamaddon, the proposed Judgment, all records, papers, pleadings, and documents contained in the Court's file in this action, together with such oral arguments or other evidence as may be permitted by the Court.

DATED: April 20, 2021        HINSHAW & CULBERTSON LLP

                      By: */s/ Ray Tamaddon*
                          RAY TAMADDON
                          Attorneys for Plaintiff and Counter-Defendant
                          NORTHFIELD INSURANCE COMPANY

HINSHAW & CULBERTSON LLP
350 South Grand Ave.
Suite 3600
Los Angeles, CA 90071
310-909-8000

3
PLAINTIFF'S NOTICE OF MOTION AND MOTION TO ENTRY OF JUDGMENT
1027635\307957425.v1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is an insurance coverage declaratory judgment action filed by plaintiff and counter-defendant Northfield Insurance Company ("Northfield") against defendants Altaf Hudani and Jasmine Hudani. In its Complaint for Declaratory Judgment ("Complaint") (DKT. No. 1), Northfield alleged a single cause of action for declaratory relief. Northfield sought a declaration of no coverage under Northfield's insurance policy for an underlying state court complaint filed against defendants Altaf Hudani ("Hudani") and Jasmine Hudani by Hudani's residential tenants arising out of breaches of the habitability conditions at Hudani's rental property. In his First Amended Counterclaim ("FAC"), Hudani alleged that he was entitled to coverage, and alleged causes of action for breach of contract, bad faith and violation of the California Unfair Business Practices Act.

On March 16, 2021, this Court granted Northfield's Motion To Dismiss the FAC without leave to amend (DKT. No. 49) ("Ruling"). Specifically, the Court ruled that Northfield did not have a duty to defend or indemnify Hudani with respect to the underlying action. As the Court noted on April 16, 2021, the ruling renders moot the sole claim for declaratory relief in the Complaint.

Northfield tried repeatedly to spare this Court and the parties from a formal motion and hearing for entry of final judgment by seeking Hudani's stipulation to judgment. Given that the Court already ruled that there is no coverage under the policy for the underlying action, there is no basis for opposing or delaying the formal entry of judgment. Hudani's counsel even asked this Court for guidance, which this Court graciously provided on April 16, 2021, stating that "[i]t appears clear that the ruling on the FAC necessarily resolves Defendant's sole claim for declaratory relief in the Complaint." (DKT. No. 52) Undeterred, Hudani's counsel continued its refusal to cooperate, without any reasonable basis, and thus needlessly increased the time and expense of bringing a formal end to this litigation for the parties and for this Court.

HINSHAW & CULBERTSON LLP
350 South Grand Ave.
Suite 3600
Los Angeles, CA 90071
310-909-8000

1

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO ENTRY OF JUDGMENT

1027635\307957425.v1

Accordingly, Northfield seeks monetary sanctions to cover its expenses in bringing the present motion.

## II.     STATEMENT OF FACTS

### A.     The Complaint

On February 21, 2020, Northfield filed its Complaint. (DKT. No. 1.) Northfield alleged that Hudani's tenants, Patrick Benjamin Nash and Ryan Paul Nash (collectively, "Underlying Plaintiffs"), filed a state court action entitled, *Patrick Benjamin Nash and Ryan Paul Nash v. Altaf Hudani, etc. and Jasmine Hudani, etc.*, Los Angeles County Superior Court Case No. 19STCV30804 ("Underlying Action"), against Hudani. (Complaint, DKT No. 1 at ¶ 11.) According to Northfield's Complaint, the Underlying Plaintiffs alleged that Hudani negligently and/or willfully failed to maintain the property for the duration of their tenancy, repeatedly ignoring their many requests to repair the defective conditions at the property. (Complaint, DKT No. 1 at ¶ 14.)

Northfield further alleged in the Complaint that it issued policy number WS355533, providing Commercial General Liability coverage, for the policy period of September 1, 2018 to September 1, 2019 to Hudani ("Policy"). (Complaint, DKT No. 1 at ¶ 53.) Northfield alleged that "[o]n or about July 19, 2019, Northfield informed Defendants that the claims in the Underlying Action were not covered by the Policy." Complaint, DKT No. 1 at ¶ 50.)

In its sole cause of action for declaratory relief, Northfield alleged:

> 55.     An actual controversy has arisen and now exists between Northfield and each of the Defendants named in this cause of action in that Northfield contends that they are not, and at no time were, entitled to coverage under the Policy, including defense and/or indemnity, in connection with the Underlying Action, whereas Defendants contend that they are entitled to coverage.
>
> 56.     Specifically, the Policy contains the Habitability Exclusion which plainly excludes coverage for the Underlying Action.

2

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO ENTRY OF JUDGMENT

HINSHAW & CULBERTSON LLP
350 South Grand Ave.
Suite 3600
Los Angeles, CA 90071
310-909-8000

1027635\307957425.v1

(Complaint, DKT No. 1 at 20:14-21.)

### B. The First Amended Counterclaim

On August 24, 2020, Hudani filed his FAC. (DKT No. 36) In the FAC, Hudani sought coverage for the Underlying Action, and alleged causes of action for breach of contract, bad faith and violation of the California Unfair Business Practices Act. *Id*.

### C. Northfield's Motion to Dismiss the FAC

On September 3, 2020, Northfield moved to dismiss the FAC pursuant to Fed.R.Civ.Proc. ("FRCP") 12(b)(6) ("MTD") on the ground that each cause of action failed to state a claim upon which relief can be granted. Specifically, Northfield contended that the Underlying Action arose out of breaches or violations of laws and/or lease relating to the habitability of residential premises and that the habitability exclusion in the Policy excluded coverage for such claims, including any attendant claims that arguably by themselves may not be habitability-related. (DKT No. 37.) The Motion (DKT. No. 37), opposition (DKT. No. 38) and reply (DKT. No. 40) were fully briefed and filed. This Court heard the Motion on January 22, 2021 (DKT. No. 47.)

### D. This Court's Ruling on the MTD

On March 16, 2021, this Court granted the MTD without leave to amend ("Ruling"). (DKT. No. 49). Specifically, the Court ruled that Northfield did not have a duty to defend or indemnify Hudani with respect to the Underlying Action based on the habitability exclusion. *Id*.

### E. Northfield's Counsel's Attempts to Obtain Hudani's Stipulation to Entry of Judgment

Commencing on March 31, 2021, Northfield's counsel attempted to seek a stipulation from Hudani's counsel for entry of judgment on the Complaint. On that date, Northfield's counsel wrote: "I would like to meet and confer with you to see if you would stipulate to entry of judgment on … plaintiff's complaint based on the

HINSHAW & CULBERTSON LLP
350 South Grand Ave.
Suite 3600
Los Angeles, CA 90071
310-909-8000

3
PLAINTIFF'S NOTICE OF MOTION AND MOTION TO ENTRY OF JUDGMENT

1027635\307957425.v1

Court's recent ruling granting Northfield's Motion to Dismiss without leave to amend." Declaration of Ray Tamaddon ("Tamaddon Decl. at ¶ 2)

Thereafter, Northfield's and Hudani's counsel engaged in a telephonic meet and confer on April 5, 2021 regarding the same issue. Just before the conclusion of the call, Hudani's counsel requested that Northfield's counsel prepare a stipulation for judgment for his consideration. Tamaddon Decl. at ¶ 3. On the same day, Northfield's counsel prepared and transmitted by e-mail a copy of a stipulation regarding entry of judgment which expressly preserved Hudani's right to appeal. Tamaddon Decl. at ¶ 4. After not hearing back from Hudani's counsel and a follow-up e-mail by Northfield's counsel on April 6, 2021, Hudani's counsel wrote back on April 7, 2021, refusing to enter into the stipulation. Significantly, Hudani's counsel provided no basis for his refusal, simply stating: "Unfortunately, we looked into it a bit more and based on what we are seeing, we don't feel comfortable doing a stipulation." Tamaddon Decl. at ¶ 5. Hudani's counsel did not propose a different language or modification of the stipulation.

On April 8, 2021, the parties filed a Joint Statement in which Hudani's counsel requested the following from this Court: "Hudani is open to suggestion of this Court on the best plan to move forward efficiently and to maximize judicial economy." (DKT No. 50 at 3:1-2.)

### F. This Court's Guidance and Instruction to the Parties

On April 14, 2021, this Court graciously responded to Hudani's request for guidance and noted as follows:

> Defendant represents that he "is open to the suggestion of this Court" to resolve the case in the most efficient manner. [¶] It appears clear that the ruling on the FAC necessarily resolves Defendant's sole claim for declaratory relief in the Complaint. Accordingly, Plaintiff should file its contemplated motion for entry of judgment pursuant to Federal Rule of Civil Procedure 58 if Defendant will not agree to such entry (i.e., agreeing as to form only).

4
PLAINTIFF'S NOTICE OF MOTION AND MOTION TO ENTRY OF JUDGMENT
HINSHAW & CULBERTSON LLP
350 South Grand Ave.
Suite 3600
Los Angeles, CA 90071
310-909-8000
1027635\307957425.v1

(DKT No. 52)

## III. LEGAL ARGUMENT

### A. Rule 58 Authorizes Northfield to Request Entry of Judgment

Federal Rule of Civil Procedure 58 governs entry of judgment. Fed. R. Civ. P. 58. It states, *inter alia*, that " [s]ubject to Rule 54(b) and unless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when: (A) the jury returns a general verdict . . . ." *Id*. at 58(b). "A party may request that judgment be set out in a separate document as required by Rule 58(a)." Id. at 58(d).

"A final judgment is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Riley v. Kennedy*, 553 U.S. 406, 419, 128 S. Ct. 1970, 170 L. Ed. 2d 837 (2008).

Here, it cannot reasonably be disputed that the litigation ended on its merits upon this Court's March 16, 2021 Ruling.

### 1. Judgment Should Be Entered on the FAC in Northfield's Favor if not Already Considered Automatic as a Result of the Ruling

In *Isr. Disc. Bank Ltd. v. Schapp*, 505 F. Supp. 2d 651 (C.D. Cal. 2007), the Central District Court's granting of plaintiff's motion to dismiss the counterclaim automatically resulted in the court's entry of judgment: "This order of dismissal will qualify as the entry of judgment as to defendant's counterclaim." *Id*. at 652, 653.

In fact, district courts routinely enter judgment in favor of the party which prevails on a motion to dismiss **at the same time** as granting of the motion. *See, e.g., Love v. Ashford San Francisco II LP*, 2021 U.S. Dist. LEXIS 73148, at *19 (N.D. Cal. 2021) ("On April 15, 2021, the Court issued its Order Granting Defendant's Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 58, the Court hereby ENTERS judgment in favor of Defendant. The Clerk of Court shall close the file in this matter."); *Malley v. San Jose Midtown Dev. LLC*, 2021 U.S. Dist. LEXIS 68712, at *25 (same); *Olajide v. California*, 2021 U.S. Dist. LEXIS 63204, at *18 (same).

5

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO ENTRY OF JUDGMENT

1027635\307957425.v1

HINSHAW & CULBERTSON LLP
350 South Grand Ave.
Suite 3600
Los Angeles, CA 90071
310-909-8000

Here, this Court's granting of Northfield's MTD the FAC without leave to amend on March 16, 2021 should also serve as entry of judgment in Northfield's favor on the FAC at the same time. If the Court is not inclined to so hold, Northfield respectfully requests that the Court grant its instant motion for entry of judgment on the FAC.

### 2. Judgment Should Be Entered on the Complaint

The case of *Digital Envoy, Inc. v. Google, Inc.*, 2006 U.S. Dist. LEXIS 24865 (N.D. Cal. 2006) presented a somewhat similar issue. There, the court, in a series of prior summary judgment orders, adjudicated "virtually all of the affirmative claims asserted by plaintiff Digital Envoy, Inc. against defendant Google, Inc." Id. at *2. Plaintiff then moved to dismiss defendant's counterclaim as moot. *Id*. The court agreed:

> Digital Envoy is correct that no basis remains to justify adjudicating Google's declaratory relief counterclaim. Google relies on patent law cases to argue that jurisdiction over the claim still exists. Unlike the circumstances in those case, though, litigating the declaratory relief claim here would afford Google no other or different relief than it has already obtained by defeating Digital Envoy's affirmative claims. Even assuming jurisdiction might still be proper, Google has not shown a compelling reason that such jurisdiction should be exercised.

Id. at *2-3.

Similarly here, the Court has decided the affirmative claims of Hudani in favor of Northfield. Specifically, in its March 16, 2021 Ruling, the Court held that there was no coverage under the Policy for the Underlying Action. Thus, Northfield's Complaint, containing a sole cause of action for declaratory relief regarding coverage under the Policy for the Underlying Action, is moot, and judgment should be entered in its favor.

///

///

### D. Sanctions Under 28 USC § 1927 Are Appropriate

When an attorney unreasonably and vexatiously multiplies proceedings, section 1927 provides for recovery from the attorney personally of "excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927; *State Bank of Tex. v. Parabia*, 2021 U.S. Dist. LEXIS 59625, at *10 (S.D. Cal. 2021). *See also, In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) ("[b]ad faith is present when an attorney knowingly *or* recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent") (emphasis added; quoting *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986)).

Here, after a telephonic meet and confer, Hudani's counsel requested that Northfield's counsel prepare and provide a draft of a stipulation for entry of judgment, which Northfield's counsel promptly provided. Tamaddon Decl. at ¶¶ 3-4. Hudani's counsel then refused to sign the stipulation without providing a reason and only after Northfield's counsel requested a response. Instead of providing a ground for his refusal to execute the stipulation, Hudani's counsel simply responded: "Unfortunately, we looked into it a bit more and based on what we are seeing, we don't feel comfortable doing a stipulation." Tamaddon Decl. at ¶ 5. It is clear that Hudani had no intention of signing the stipulation, but instead sought to create more work for Northfield's counsel.

Then, on April 8, 2021, the parties filed a Joint Statement in which Hudani's counsel requested the following from this Court: "Hudani is open to suggestion of this Court on the best plan to move forward efficiently and to maximize judicial economy." (DKT No. 50 at 3:1-2.) This Court, in fact, did provide precisely the guidance requested by Hudani: "It appears clear that the ruling on the FAC necessarily resolves Defendant's sole claim for declaratory relief in the Complaint." (DKT No. 52.) Apparently, however, intent on multiplying proceedings and creating

HINSHAW & CULBERTSON LLP
350 South Grand Ave.
Suite 3600
Los Angeles, CA 90071
310-909-8000

7
PLAINTIFF'S NOTICE OF MOTION AND MOTION TO ENTRY OF JUDGMENT
1027635\307957425.v1

unnecessary work for this Court and Northfield, even the Court's clear guidance was not adequate for Hudani to stipulate to entry of judgment.

Finally, Hudani claims that he was concerned about compromising his appeal rights. This also turned out to be insincere as Hudani's counsel allowed his appeal deadline to simply lapse on April 16, 2021, 30 days from the Court's service of the March 16, 2021 Ruling. Tamaddon Decl. at ¶ 6. See Federal Rule of Appellate Procedure 4(a)(1)(A); *Kwake v. Pakseresht*, 2019 U.S. Dist. LEXIS 226517 at *9 (D. Or. 2019) ("Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment *or appealable order*." (Emphasis added).)

Based on the foregoing, Hudani seeks appropriate monetary sanctions under Section 1927 to compensate for the additional expense and attorney's fees associated with bringing the present motion, which fees will be supported by a subsequently-filed declaration.

## IV. CONCLUSION

Based on the foregoing, Northfield respectfully requests that the Court grant its motion and enter judgment on the Complaint and FAC in favor of Northfield. Northfield also respectfully requests that the Court award sanctions against Hudani and/or his counsel in favor of Northfield.

DATED: April 20, 2021                    HINSHAW & CULBERTSON LLP

By: /s/ Ray Tamaddon
RAY TAMADDON
Attorneys for Plaintiff and Counter-Defendant
NORTHFIELD INSURANCE COMPANY

HINSHAW & CULBERTSON LLP
350 South Grand Ave.
Suite 3600
Los Angeles, CA 90071
310-909-8000

8
PLAINTIFF'S NOTICE OF MOTION AND MOTION TO ENTRY OF JUDGMENT
1027635\307957425.v1