UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:20-cv-01695-SB (Ex) | Date: | 5/12/2021 |
|---|---|---|---|

| Title: | *Northfield Insurance Company v. Altaf Hudani, et al.* |
|---|---|

| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER GRANTING MOTION FOR ENTRY OF JUDGMENT [DKT. NO. 53]

Before the Court is the motion for entry of judgment filed by Plaintiff Northfield Insurance Company. (Mot., Dkt. No. 53.)[1] Defendants Altaf Hudani and Jasmine Hudani oppose. (Opp., Dkt. No. 54.) Plaintiff has filed a reply. (Reply, Dkt. No. 55.) The Court finds the matter appropriate for resolution without oral argument and **VACATES** the hearing set for May 21, 2021 at 8:30 a.m. Fed. R. Civ. P. 78; L.R. 7-15. For the reasons below, the Court **GRANTS** the motion.

Plaintiff commenced this action on February 21, 2020, bringing a single cause of action for declaratory relief that it was not obligated to provide coverage under an insurance policy for an underlying state court lawsuit filed against Defendants. (Compl., Dkt. No. 1.) Defendants brought a counterclaim on May 13, 2020. (Counterclaim, Dkt. No. 21.) Defendant Altaf Hudani filed a First Amended Counterclaim on August 24, 2020. (FAC, Dkt. No. 36.) Plaintiff moved

---

[1] Plaintiff also moved for sanctions, but later withdrew the request. (*See* Reply at 3.)

to dismiss the FAC on September 3, 2020 (MTD, Dkt. No. 37), and the Court granted the motion in its entirety on March 16, 2021, dismissing the FAC without leave to amend. (MTD Order, Dkt. No. 49.)

After the resolution of the FAC, the parties met and conferred about the resolution of the Complaint, but Defendants would not stipulate to the entry of judgment. (Joint Statement, Dkt. No. 50.) The Court directed Plaintiff to move for entry of judgment in the event the parties could not resolve the issue. (Order, Dkt. No. 52.)

Under Federal Rule of Civil Procedure 58, the clerk must enter judgment with court approval when, *inter alia*, "the court grants other relief not described in this subdivision (b)." Fed. R. Civ. P. 58(b)(2)(B). Plaintiff asserts that this court should enter final judgment because the Court's March 16, 2021 Order ended litigation on the merits. (Mot. at 5.) Indeed, Plaintiff cites numerous cases where the court entered judgment at time it granted a motion dismiss. (*Id.*) Defendants contend the cited authority is distinguishable because this Court did not direct the clerk to close the matter in its March 16, 2021 Order. (Opp. at 3-4.)

Defendants suggest that entry of judgment is premature because they have not had the ability to develop the record. (*Id.* at 4-5.) As they must, Defendants acknowledge that interpretation of insurance policies is a question of law. (*Id.*) Nevertheless, Defendants suggest this case should be an exception to the rule, and the Court should allow them to develop the record. (*Id.*) Defendants cite no authority for this proposition. Because the Court has already determined that the "the ruling on the FAC necessarily resolves Defendant's sole claim for declaratory relief in the Complaint," the Court **GRANTS** Plaintiff's motion. The Court will enter a separate judgment.

**IT IS SO ORDERED**.